UNITED STATES DISTRICT COURT
IN THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARAGON 28, INC.

    Plaintiff,

v.

CARTER LONSBERRY and
HIGHLAND MEDICAL
PRODUCTS, INC.

    Defendants.

CASE NO.:
HONORABLE:

Removed from:
Wayne County Circuit Court
Case No. 19-007629-CB
Hon. Brian R. Sullivan

---

Carl F. Jarboe (P33059)
THE JARBOE LAW FIRM, PLC
18720 Mack Avenue, Suite 240
Grosse Pointe Farms, MI 48236
(313) 821-2600
cfjarboe@jarboelawfirm.com
*Attorneys for Plaintiff*

Ari Charlip (P57285)
James A. Martone (P77601)
DICKINSON WRIGHT PLLC
2600 W. Big Beaver Rd., Ste. 300
Troy, MI 48084
(248) 433-7200
acharlip@dickinsonwright.com
jmartone@dickinsonwright.com
*Attorneys for Defendants*

---

### NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, the defendants, Carter Lonsberry and Highland Medical Products, Inc. ("Defendants") through their counsel, Dickinson Wright, PLLC, remove the above-captioned action from the Third Judicial Circuit, County of Wayne, State of Michigan, where it is now pending, to the United District Court for the Eastern District of Michigan. In support of this Notice of Removal, Defendants state as follows:

1. On May 28, 2019, Plaintiff Paragron 28, Inc. ("Plaintiff") filed its Complaint in the Third Judicial Circuit for the County of Wayne, State of Michigan, in the case entitled *Paragon 28, Inc. v. Carter Lonsberry and Highland Medical Products, Inc.*, Case No. 19-007629-CB before the Honorable Brian R. Sullivan (the "State Court Action"). Plaintiff alleges damages in excess of $25,000 for breach of contract.

2. On or about June 4, 2019, Pamela J. Moore accepted service of the Complaint on behalf of Defendants.

3. Pursuant to 28 U.S.C. § 1446(a), a complete copy of all process and pleadings in the State Court Action are attached hereto as **Exhibit A**.

4. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed within 30 days of the acceptance of service of the Summons and Complaint by Defendants' counsel on June 4, 2019.

5. Pursuant to 28 U.S.C. § 1441(d), a Notice of Filing Notice of Removal and a copy of this Notice of Removal is being served upon Plaintiff and filed with the Clerk of the Circuit Court of Wayne County, Michigan. **Exhibit B.**

6. This Court is the district and division "embracing the place where [the State Court Action] is pending." 28 U.S.C. § 1441(a). The Wayne County Circuit Court is located in the Eastern District of Michigan.

7. Defendants remove this case based upon diversity jurisdiction.

## DIVERSITY OF JURISDICTION EXISTS

8. The Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332, because this action is between corporations and citizens of different states.

9. Complete diversity of citizenship existed between Plaintiff and Defendants at the time of filing of the Complaint, at the time of removal and all intervening times.

10. Upon information and belief, Plaintiff is a Colorado corporation with its principal place of business in Englewood, Colorado. *See* Complaint, ¶ 1.

11. Defendant Carter Lonsberry is a citizen of Connecticut. *See* Complaint, ¶ 2.

12. Defendant Highland Medical Products, Inc. is a Connecticut corporation with its principal place of business in Ellington, Connecticut. *See* Complaint, ¶ 3.

13. Based on the foregoing, complete diversity exists between Plaintiff and Defendants.

## AMOUNT IN CONTROVERSY

14. Although the Plaintiff's Complaint alleges, without any computation, damages of $60,624.70 (*see* Complaint, ¶ 19), the Complaint seeks a judgment "in an amount in excess of $25,000 *as determined by the proofs*." *Id.* at pg. 4 (emphasis added).

15. In the Sixth Circuit, where a state court rule allows a plaintiff to "seek and recover damages exceeding the amount prayed for," removal is appropriate if "it is more likely than not that the plaintiff's claims meet the amount in controversy requirement." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000) (internal quotations and citation omitted).

16. Michigan Court Rule 2.601 provides that except for default judgments, "every final judgment may grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded that relief in his or her pleadings."

3

17. On November 14, 2018, Plaintiff issued a demand letter to Defendants (the "November Demand Letter"), a copy of which is attached hereto as **Exhibit C**.

18. The November Demand Letter alleged that Plaintiff overpaid Defendants $80,029.30 in commissions.

19. The November Demand Letter also claimed that "[u]nder Michigan law, conversion of these commissions results in treble damages plus attorney fees."

20. The November Demand Letter demanded that Defendants pay Plaintiff "the amount of $240,097.90."

21. On June 11, 2019, in an effort to obtain clarification regarding the amount in controversy, Defendants' Connecticut counsel provided Plaintiff's counsel with a proposed stipulation whereby the parties would have stipulated that "[t]he total sum or value in controversy in this cause of action does not exceed $75,000.00, exclusive of interests and costs." A copy of the proposed Stipulation with cover email is attached as **Exhibit D**.

22. On June 11, 2019, Plaintiff's counsel responded, stating, "I do not think that I can sign that stipulation." A copy of Plaintiff's counsel's email, dated June 11, 2019, is attached as **Exhibit E**.

23. Based on Plaintiff's "previous demands and representations" seeking amounts in excess of $75,000 (*see Rogers*, 230 F.3d at 873), and "refus[al] to stipulate to a damages amount falling under the amount in controversy requirement" (see *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001)), it is more likely than not that Plaintiff's claims meet the amount in controversy requirement.

4

24.     While Defendants deny the allegations in Plaintiff's Complaint, and deny any liability to Plaintiff whatsoever, if Plaintiff proves he is entitled to relief against Defendants, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest, costs, and attorney's fees. Notwithstanding that the diversity jurisdictional requirements have been met, nothing in this Notice of Removal should be construed as an admission that Plaintiff is entitled to any judgment in its favor.

WHEREFORE, the Defendants, Carter Lonsberry and Highland Medical Products, Inc., respectfully request that the Complaint be removed from the Wayne Circuit Court, State of Michigan, and that this Court assume jurisdiction of this civil action to the exclusion of any further proceedings in the State Court.

Respectfully submitted,

DICKINSON WRIGHT PLLC

/s/ James A. Martone
Ari M. Charlip (P57285)
James A. Martone (P77601)
2600 W. Big Beaver Rd., Ste. 300
Troy, MI 48084
(248) 433-7200
acharlip@dickinsonwright.com
jmartone@dickinsonwright.com

Dated: June 27, 2019

PROOF OF SERVICE

I hereby certify that on June 27, 2019, the foregoing was electronically filed with the Clerk of the Court using the court's electronic filing system, and I hereby certify that

5

a paper copy has been mailed by U.S. First Class Mail to counsel at the following address, along with a courtesy copy of the same via email.

Carl F. Jarboe
The Jarboe Law Firm, PLC
18720 Mack Ave., Ste. 240
Grosse Pointe Famrs, MI 48236
(313) 821-2600
cfjarboe@jarboelawfirm.com

/s/ James A. Martone
James Martone

BLOOMFIELD 99998-2205 2408284v1

| STATE OF MICHIGAN<br>3rd JUDICIAL CIRCUIT<br>COUNTY OF WAYNE | VERIFICATION OF<br>BUSINESS COURT ELIGIBILITY<br>AND NOTICE OF ASSIGNMENT | CASE NO.<br>19-_____-CB |
|---|---|---|

Court address: 2 Woodward Ave., Detroit, MI 48226

| Plaintiff(s)<br>PARAGON 28, INC. | v | Defendant(s)<br>CARTER LONSBERRY and<br>HIGHLAND MEDICAL PRODUCTS, INC., |
|---|---|---|

I am the attorney for the [check one] ☑ plaintiff ☐ defendant and per *MCR 2.114(B)(2)* and *MCR 2.114(D)* declare to the best of my information, knowledge, and belief that this case meets the statutory requirements to be assigned to the business court, *MCR 2.112(O)*, *MCL 600.8031 et seq.*, and request assignment to the Business Court for the following reasons:

**[Both Sections 1 and 2 must be completed to be accepted by the Court (check all that apply)]**

**1. Parties.** This is a qualifying business or commercial dispute as defined by *MCL 600.8031(1)(c)* because,

☐ all of the parties are business enterprises

☑ one or more of the parties is a business enterprise and the other parties are its or their present or former owners, managers, shareholders, members, directors, officers, agents, employees, suppliers, or competitors, and the claims arise out of those relationships

☐ one of the parties is a non-profit organization, and the claims arise out of that party's organizational structure, governance, or finances

☐ It is an action involving the sale, merger, purchase, combination, dissolution, liquidation, organizational structure, governance, or finances of a business enterprise.

**AND**

**2. Actions.** This business or commercial action as defined by *MCL 600.8031(2)* involves,

☐ information technology, software, or website development, maintenance, or hosting

☐ the internal organization of business entities and the rights or obligations of shareholders, partners, members, owners, officers, directors, or managers

☑ contractual agreements or other business dealings, including licensing, trade secret, intellectual property, antitrust, securities, noncompete, nonsolicitation, and confidentiality agreements if all available administrative remedies are completely exhausted, including but not limited to, alternative dispute resolution processes prescribed in the agreements

☐ commercial transaction, including commercial bank transactions

☐ business or commercial insurance policies

☐ commercial real property

☐ other type of business or commercial dispute (explain):

| May 28, 2019 | Carl F. Jarboe | Digitally signed by Carl F. Jarboe<br>Date: 2019.05.28 12:22:45 -04'00' |
|---|---|---|
| Date | Signature | |
| | Carl F. Jarboe | P33059 |
| | Name (type or print) | Bar no. |

19-007629-CB FILED IN MY OFFICE WAYNE COUNTY CLERK 5/28/2019 2:43 PM Inga Robertson Cathy M. Garrett

STATE OF MICHIGAN
IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

PARAGON 28, INC.,

    Plaintiff,

v.

CARTER LONSBERRY and
HIGHLAND MEDICAL PRODUCTS, INC.,

    Defendants.
_____/

Case No. 19-_____ - CB
Hon. _____

THE JARBOE LAW FIRM, PLC
By: Carl F. Jarboe (P 33059)
Attorneys for Plaintiff
18720 Mack Avenue, Suite 240
Grosse Pointe Farms, Michigan 48236
(313) 821-2600
cfjarboe@jarboelawfirm.com
_____/

## COMPLAINT

THIS CASE QUALIFIES FOR THE BUSINESS COURT

There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint. /s/ Carl F. Jarboe (P33059)

NOW COMES PLAINTIFF, PARAGON 28, INC., by and through its attorneys, THE JARBOE LAW FIRM, PLC, and, for its complaint, states as follows:

1. Plaintiff, PARAGON 28, INC., is a Colorado corporation authorized to do business in the State of Michigan, with its registered offices in the City of Grosse Pointe Farms, County of Wayne, State of Michigan.

2. Defendant CARTER LONSBERRY is an individual, of majority age, a resident of the city of Ellington, Connecticut, conducted business with Plaintiff in Michigan, and has consented to personal jurisdiction and venue in Wayne County, Michigan.

3. Defendant HIGHLAND MEDICAL PRODUCTS, INC. is a Connecticut corporation with its principal place of business in of the city of Ellington, Connecticut, conducted business with Plaintiff in Michigan, and has consented to personal jurisdiction and venue in Wayne County, Michigan.

4. The amount in controversy is in excess of $25,000, exclusive of interest and costs, exceeds the exclusive jurisdiction of the Grosse Pointe Farms Municipal Court, and, therefore, this Honorable Court has original subject matter jurisdiction over this civil claim pursuant to MCL 600.605.

5. This matter is a business or commercial dispute under both MCL 8031(1)(c)(ii), as one or more parties are business enterprises and the other parties are former agents, and MCL 600.8031(2)(d), as the action arises out of contractual agreements.

6. Pursuant to MCL 600.8035(1) this matter is subject to the jurisdiction of the Business Court.

7. Venue is proper in Wayne County, pursuant to MCL 600.1621, as Plaintiff conducts business and has its registered offices in Wayne county.

### COUNT I
### BREACH OF CONTRACT

8. Plaintiff incorporates by reference all of the allegations set forth in paragraphs 1 through 7 of this complaint as if the same were more fully stated herein.

9. Plaintiff is a developer and manufacturer of innovative surgical products for the foot and ankle market.

10. Defendants, CARTER LONSBERRY and HIGHLAND MEDICAL PRODUCTS, INC., were independent commissioned sales agents for Plaintiff.

2

11. The terms of the sales agency relationship and the attendant commission structure are governed by written Sales Agent Agreements and Amendments which are in the possession of Defendants.

12. Pursuant to said Agreements, Defendants represented and warranted that they had disclosed in writing, on Exhibit C to their Sales Agent Agreements, all non-Plaintiff products that they intended to carry during the term of the Agreements.

13. Pursuant to said Agreements, in 2017 Defendants represented and agreed not to carry any non-Plaintiff products lines other than those of DJO Global (CMF products only) and such lines was identified on Exhibit C of the Sales Agent Agreements. The parties expressly agreed that any breach would result in a commission rate reduction of 10%.

14. Due to Defendants' erratic sales performance and the opportunity to earn a higher commission rate, Defendants agreed to drop the CMF product line for 2018. In return for the promise to devote their energies exclusively to P28, Defendants were rewarded with an increase in minimum commission rate from 20% in 2017 to 25% in 2018. Defendants expressly represented on exhibit C of their 2018 Sales Agent Agreement that they would not carry any non-P28 products. The parties expressly agreed that any breach would result in a commission rate reduction of 10%.

15. Said representations were made by Defendants in order to induce Plaintiff to pay to Defendants higher commission rates for the sale of Plaintiff's products.

16. Defendants resigned as Sales Agents during 2018.

17. Subsequent to Defendants' resignation, Plaintiff discovered that Defendants failed to disclose that they covertly carried products for Spine Wave, Inc. and Precision Spine, Inc.

18. The failure to disclose the secret carrying of other product lines was done in order to wrongfully convert unearned commissions from Plaintiff.

19. Plaintiff has been damaged by overpaying commissions to Defendants in the amount of $60,624.70.

WHEREFORE, Plaintiff prays that this Honorable Court enter its judgment in favor of Plaintiff and against the Defendants in an amount in excess of $25,000 as determined by the proofs and award Plaintiff its costs, interest, and reasonable attorney fees so wrongfully incurred in having to bring this action.

May 28, 2019                                                    THE JARBOE LAW FIRM, PLC

                                                                            /s/ Carl F. Jarboe
                                                                           By:  Carl F. Jarboe (P 33059)
                                                                           Attorneys for Plaintiff
                                                                           18720 Mack Ave., Suite 240
                                                                           Grosse Pointe Farms, Michigan
                                                                           (313) 821-2600
                                                                           cfjarboe@jarboelawfirm.com