UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARAGON 28, INC.,

    Plaintiff,

Case No. 2:19-cv-11925

HONORABLE STEPHEN J. MURPHY, III

v.

CARTER LONSBERRY and
HIGHLAND MEDICAL
PRODUCTS, INC.,

    Defendants.
                             /

**OPINION AND ORDER DENYING
DEFENDANTS' MOTION TO DISMISS OR
TRANSFER VENUE [7] AND FINDING AS MOOT PLAINTIFF'S
MOTION TO SUPPLEMENT RESPONSE TO MOTION TO DISMISS [16]**

Plaintiff Paragon 28, Inc. filed a complaint in the Wayne County Circuit Court and alleged that Defendants Carter Lonsberry and Highland Medical Products, Inc. breached their contracts. ECF 1-1. Defendants removed the case and subsequently filed the present motion to dismiss or transfer venue. ECF 1, 7. After the motion was fully briefed, Plaintiff filed a motion to supplement its initial response to the motion. ECF 16. The Court reviewed the briefs and finds that a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f). For the reasons below, the Court will deny Defendants' motion to dismiss or transfer venue and will find as moot Plaintiff's motion to supplement.

1

## BACKGROUND[1]

Plaintiff manufactured "surgical products for the foot and ankle market," and Defendants "were independent commissioned sales agents for Plaintiff." ECF 1-1, PgID 15. The parties entered into written sales agent agreements that governed their relationship. *Id*. at 16. Plaintiff alleged that Defendants initially agreed to inform them of "all non-Plaintiff products" they intended to sell during the term of the agreement. *Id*. In 2018, Defendants agreed to sell Plaintiff's products exclusively, and in exchange were to receive increased commissions. *Id*. The 2018 agreement contained a forum selection provision in which the parties agreed to acquiesce "to the exclusive jurisdiction and venue of the state and federal courts sitting in Wayne County, Michigan." ECF 7-5, PgID 101.[2] Later in 2018, Defendants' resigned as Plaintiff's sales representatives, and Plaintiff learned that Defendants had been selling other manufacturer's products. ECF 1-1, PgID 16. As a result, Plaintiff filed the present lawsuit.

## LEGAL STANDARD

"On a motion to dismiss for improper venue, the plaintiff bears the burden of proving that venue is proper." *Audi AG & Volkswagen of Am., Inc. v. Izumi*, 204 F.

---

[1] On a motion to dismiss, the Court must view all facts in the light most favorable to the non-moving party. *See Bassett v. Nat'l. Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008). The Court's recitation of the background reflects that obligation and therefore does not constitute a finding of fact.

[2] Without converting the motion to one for summary judgment, the Court may consider "exhibits attached to [D]efendant[s'] motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett*, 528 F.3d at 430.

2

Supp. 2d 1014, 1017 (E.D. Mich. 2002). "The Court may examine facts outside the complaint but must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff." *Id*. "If a defendant prevails on a Rule 12(b)(3) challenge, the [C]ourt has the discretion to decide whether the action should be dismissed or transferred to an appropriate court." *Id*.

On a motion to transfer venue, "[f]or the convenience of parties and witnesses, in the interest of justice," the Court "may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). The Court has broad discretion to grant or deny motions to transfer venue pursuant to § 1404(a). *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994).

## DISCUSSION

The Court must first determine if the Eastern District of Michigan is the proper venue. If so, the Court must determine if it is nonetheless in the interest of justice to transfer the case to the United States District Court for the District of Connecticut. *See* 28 U.S.C. § 1404(a). The Court will address each issue in turn.

I.   Motion to Dismiss

Venue in a removed case is governed by 28 U.S.C. § 1441(a). *Kerobo v. Southwestern Clean Fuels, Corp*. 285 F.3d 531, 534 (6th Cir. 2002). "There is only one federal venue into which a state court action may be removed, and that is in the statutorily dictated 'district court . . . for the district and division embracing the place where [the state court] action [was] pending.'" *Id*. at 535 (quoting 28 U.S.C. 1441 (a))

3

(alterations in original). Here, the action was filed in the Wayne County Circuit Court and removed to the United States District Court for the Eastern District of Michigan. *See generally* ECF 1. Wayne County falls within the Eastern District of Michigan. 28 U.S.C. § 102(a)(1). Because the Eastern District of Michigan is the proper venue for a case removed from the Wayne County Circuit Court, the Court will deny Defendants motion to dismiss for improper venue.

II.     Motion to Transfer

Traditionally, the Court may, "[f]or the convenience of parties and witnesses, [and] in the interest of justice," transfer a civil case to another district. 28 U.S.C. § 1404. But the analysis under the statute may be altered "when the parties' contract contains a valid forum-selection clause, which represents that parties' agreement as to the most proper forum." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for Western Dist. of Texas*, 571 U.S. 49, 62–63 (2013) (quotations omitted). Because the forum selection clause in the parties' 2018 agreement states that jurisdiction is proper in the Eastern District of Michigan, ECF 7-5, PgID 101, the Court will initially determine whether the parties' forum selection agreement is enforceable.

*A.     Enforceability of Forum Selection Clause*

Federal law governs "the enforceability of [a] forum selection clause." *Wong v. PartyGaming, Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009). "A forum selection clause should be upheld absent a strong showing that it should be set aside." *Id.* Defendants, as the parties "opposing the forum selection clause[,] bear[] the burden of showing that the clause should not be enforced." *Id.* (citations omitted).

4

The Court must consider three factors when determining whether to enforce a forum-selection clause: whether (1) "the clause was obtained by fraud, duress, or other unconscionable means;" (2) the designated forum can effectively and fairly handle the case; and (3) "the enforcement of the clause would be so inconvenient such that its enforcement would be unjust or unreasonable." *Wong*, 589 F.3d at 828–29. The Court must also ensure that enforcement of the forum selection clause does not offend the forum state's public policy. *Shell v. R.W. Sturge, Ltd.*, 55 F.3d 1227, 1229–30 (6th Cir. 1995).

First, Defendants have not claimed that the forum-selection clause was obtained through duress, fraud, or unconscionable means. Second, Defendants have not argued that the Court would ineffectively or unfairly handle the case. And indeed, the Court is well versed in contractual commercial litigation that spans state lines. The first two factors therefore weigh against transfer.

As to the third *Wong* factor, however, Defendants asserted that the Eastern District of Michigan is an "inconvenient" forum. ECF 7, PgID 54. But they have not shown that enforcing the forum selection clause would result in inconvenience that is "unjust or unreasonable," *see Wong*, 589 F.3d at 829. Their arguments are almost entirely based on notions of inconvenience to the parties, financial hardships to the parties, inconvenience to witnesses, the difficulty of compelling witnesses to appear, the inconvenient location of documents and evidence, and trial efficiency. *Id*. at 54–59. But those arguments, standing alone, are insufficient to lead the Court to

conclude that the Eastern District of Michigan is an "unjust or unreasonable" forum. *See Wong*, 589 F.3d at 829–30.

Finally, "[t]he presumptive validity of the forum selection clause may also be set aside if . . . enforcement would contravene a strong public policy of the forum state." *Shell,* 55 F.3d at 1229–30 (6th Cir. 1995) (internal quotations and citation omitted). Pertinently, although Michigan law does not permit the use of venue selection clauses in contracts, it does allow parties to consent to personal jurisdiction in the state. *Omne Fin., Inc. v. Shacks, Inc.*, 460 Mich. 305, 311–12 (1999). And "it is undisputed that Michigan's public policy favors the enforcement of contractual forum-selection clauses and choice-of-law provisions." *Turcheck v. Amerifund Fin., Inc.*, 272 Mich. App. 341, 345 (2006). Because Michigan expressly favors enforcing choice-of-law and forum-selection provisions, enforcement of the parties' forum-selection and choice-of-law provision does not "contravene a strong public policy of the forum state." *Shell*, 55 F.3d at 1230. The Court will therefore enforce the parties' forum-selection agreement.

B.     *Transfer*

Having concluded that the parties' forum-selection clause is valid and applicable to the present action, the Court must alter its analysis under § 1404(a). *Atlantic Marine*, 571 U.S. at 62–63 and *Boling v. Prospect Fund Holdings, LLC*, 771 F. App'x 562, 568 (6th Cir. 2019) both instruct the Court to examine three different issues relevant to transfer. First, the Court must determine whether it is bound to conclude that Plaintiff's "choice of forum no longer receives any weight" since the

6

forum-selection clause contains the parties' preemptive exercise of forum selection. *Id.*; *see also Atl. Marine Const. Co., Inc.,* 571 U.S. at 63. Here, the Court is not bound to reach that conclusion. Plaintiff filed suit in the parties' agreed upon forum, so the first alteration is inapplicable.

Second, the Court must only consider "public interest factors" that might support a decision to transfer and must ignore "the parties' private interests." *Boling*, 771 F. App'x at 568 (citing *Alt. Marine Const. Co., Inc.,* 571 U.S. at 64). "Public interest factors include the administrative difficulties flowing from court congestion; the local interest in having" local controversies or issues "decided at home"; "hav[ing] the trial of a diversity case in a forum that is at home" with the governing law; "the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty." *Id.* at 568 n.6 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The Defendants have not persuaded the Court that any of the public interest factors weigh in favor of transfer, and as a matter of law, none of them do. For instance, the Eastern District of Michigan does not have an overly congested court. Further, there is a local interest in the case because some of Plaintiff's officers are based in Michigan. ECF 10, PgID 124. There will not be confusion or conflict of law in resolving the suit here because the parties' agreement expressly provides that its interpretation is governed by Michigan law, ECF 7-5, PgID 101, in which the Court is well versed. Finally, there will be no unfair burden on potential jurors because the case involves Michigan law

and some Michigan parties. The *Boling* public interest factors therefore weigh against transfer.

Third, a court in the contractually selected forum must follow the contractually selected forum's law. *Alt. Marine Const. Co., Inc.*, 571 U.S. at 65–66. Here, the parties expressly agreed to litigate the case in Michigan. And because the suit was filed in Michigan, the agreed upon forum, the Court will apply Michigan law.

Michigan law governs and the *Boling* public interest factors weigh against transferring the case. The Court must deny Defendants' motion to transfer.

III. Motion to Supplement Response to Motion to Dismiss

On March 4, 2020, Plaintiff made a motion to supplement its response to the motion to dismiss. ECF 16. Plaintiff argued in the supplement that a related case between the parties was recently dismissed, in part, as the result of operation of the forum selection clause analyzed above. *Id.* at 195. Because the Court will already deny Defendants' motion to dismiss or, in the alternative, to transfer the case, it will also find as moot the motion to supplement.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that Defendants' motion to dismiss or to transfer venue in the alternative [7] is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to supplement response to motion to dismiss [16] is **MOOT**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: March 30, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2020, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager